UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| RASHAN MICKENS, | : |
|               Petitioner, | : |
|         v. | :    No. 2:20-cv-03857 |
| | : |
| SUPERINTENDENT MARK GARMAN, | : |
| and THE ATTORNEY GENERAL OF | : |
| THE STATE OF PENNSYLVANIA, | : |
|               Respondents. | : |

_____

**O P I N I O N**
Petition for Writ of Habeas Corpus, ECF No. 2 — Dismissed

**Joseph F. Leeson, Jr.**                                                                             **July 22, 2021**
**United States District Judge**

**I.   INTRODUCTION**

This matter involves the Petition for a Writ of Habeas Corpus filed by Petitioner Rashan Mickens.  Mickens asserts two claims in his petition, one challenging the sufficiency of the evidence used to convict him and the other asserting that his trial counsel was ineffective.  Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation, recommending Mickens' claims be dismissed as untimely.  Mickens objects to the Report and Recommendation, asserting that he is owed equitable tolling.

Following de novo review, this Court adopts the Report and Recommendation in its entirety and incorporates the same herein.  Mickens' petition is dismissed.  This Court writes separately only to briefly address Mickens' objections to the Report and Recommendation.

**II.   BACKGROUND**

On July 18, 2014, Mickens was found guilty by a Philadelphia County jury of first-degree murder, possession of a firearm with an altered manufacturer's number, and possession of an

instrument of crime.  *See* Report and Recommendation (R&R) 1, ECF No. 13.  The court sentenced Mickens to life imprisonment without parole.  *See id.*  On September 3, 2014 Mickens timely appealed, and the Superior Court affirmed his conviction on August 14, 2015.  *See id.* at 2.  Mickens did not seek review from the Pennsylvania Supreme Court.  *See id.*

On September 9, 2016, Mickens filed a Pennsylvania Post Conviction Relief Act (PCRA) Petition.  *See id.* On August 1, 2017, the PCRA court dismissed Mickens' petition.  *See id.* Mickens appealed the dismissal, asserting five claims of ineffective assistance of counsel and one claim of PCRA court error.  *See id.*  The Superior Court affirmed the dismissal of Mickens' petition.  *See id.*  On April 22, 2020, the Pennsylvania Supreme Court refused discretionary review.  *See id.*

On August 3, 2020, Mickens filed the instant petition, asserting two claims.  *See* Pet., ECF No. 2.  First, Mickens asserts that there was insufficient evidence to sustain his conviction.  *See id.* at 5.[1]  Second, Mickens claims that his trial counsel was ineffective at multiple junctures.  *See id.* at 7.  On May 4, 2021, the Attorney General of Pennsylvania responded to the petition, arguing for its dismissal as untimely.  *See* Resp., ECF No. 12.  Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation, finding the petition untimely and dismissing the petition in its entirety.  *See* R&R 6.  Mickens objects to the Report and Recommendation, asserting he is owed equitable tolling.  *See* Obj., ECF No. 16.

### III.  LEGAL STANDARDS

#### A.      Review of Habeas Petition – Applicable Law

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by

---

[1]  The Court uses the pagination supplied by the Electronic Case Filing (ECF) system.

invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *see also* 28 U.S.C. § 2254(d);[2] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review

---

[2] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.     Review of Report and Recommendation with Objections – Applicable Law**

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

**C.     Timeliness of Habeas Petition – Review of Applicable Law**

The AEDPA provides a one-year statute of limitations for habeas corpus petitions. *See* 28 U.S.C. § 2244(d). The statute also provides the factual predicates for the running of the limitations period in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.*

Additionally, § 2244 tolls the limitations period during the pendency of a timely state post-conviction relief petition. *See* 28 U.S.C. § 2244(d)(2).

Apart from the provisions of 2244(d)(1), the limitations period may be subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 647-49 (2010). Courts within this Circuit look for the following factors in determining whether equitable tolling is warranted:

> (1) whether the state actively mislead the petitioner into believing he had done everything required of him to assert his rights;
>
> (2) whether the petitioner has, in some extraordinary way, been prevented from asserting his rights; or
>
> (3) whether the petitioner timely asserted his rights but in the wrong forum.

*See Urcionli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008) (citing *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006)). In addition, a petitioner must show that he exercised diligence in pursuing his rights. *See Holland*, 560 U.S. at 649. The Third Circuit cautions that equitable tolling is to be granted sparingly. *See LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).

Specifically, Mickens argues that the prison lockdowns imposed as a result of the COVID-19 pandemic prevented him from asserting his rights, despite his diligence in attempting to do so. Mickens asserts that access to the law library was prohibited from March 2020 through August 2020, which prevented him from timely filing his petition. In support, Mickens attaches his requests to SCI-Rockview dated March 18, 2020 and April 1, 2020. In both requests, Mickens asks the staff at SCI-Rockview to permit him access to the law library, and both requests resulted in a denial based on the ongoing COVID-19 lockdowns.

Even if this Court assumes, *arguendo*, that the denial of access to the law library due to COVID-19 constitutes an "extraordinary circumstance," Mickens has failed to show that he diligently pursued his rights. As the Report and Recommendation correctly notes, Mickens' conviction became final on September 13, 2015. Mickens' time to file a federal habeas petition, which includes the time tolled during the pendency of his PCRA petition, expired on April 27, 2020. Accordingly, Mickens had over four and a half years to file his federal habeas petition. Moreover, the COVID-19 pandemic and resultant lockdowns did not occur until the final few months of that period. Notwithstanding, Mickens failed to file his petition on time, instead filing it months after the deadline expired. Accordingly, this Court cannot say that Mickens was diligent in pursuing his rights. Therefore, Mickens is not owed equitable tolling of his petition.

V.   **CERTIFICATE OF APPEALABILITY**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Here, Mickens' claims are clearly untimely, and Mickens fails to show that he is entitled to equitable tolling of the limitations period. For the reasons set forth above, Mickens has not made a substantial showing of the denial of a constitutional right, nor would reasonable jurists find this Court's review of Mickens' claims debatable or wrong. Therefore, a Certificate of Appealability shall not issue.

## VI.   CONCLUSION

Mickens had until April 27, 2020 to file the instant habeas petition. Despite having over four and a half years to file his federal habeas petition, Mickens untimely filed it on August 3, 2020. Accordingly, Mickens has failed to show the requisite diligence in pursuing his rights to establish a case for equitable tolling. Therefore, Mickens' petition is untimely, and this Court adopts the Report and Recommendation and dismisses the petition in its entirety.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge